CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 3 0 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HECTOR MOREL, | ) | Civil Action No. 7:09-cv-00047 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| U.S. PAROLE - USP LEE, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Petitioner Hector Morel, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Morel is currently incarcerated at the United States Penitentiary in Lee County, Virginia ("USP Lee"). Morel claims that United States parole officials violated due process by conducting his probable cause hearing after the required five-day period.[1] Morel also claims that parole officials are trying to deport him although he is an American citizen. After initially screening the complaint, I find that Morel's two claims must be dismissed for failing to state a claim upon which relief can be granted and lack of jurisdiction, respectively.

I.

Morel alleges the following facts. The Superior Court of Washington, D.C., gave Morel a five-year suspended sentence in 2003 for simple distribution and a five-year sentence in 2006 for aiding and abetting an assault with a knife. (Pet. 3; Petr.'s Resp. (docket #7) 3.) United States parole officials did not conduct Morel's parole revocation probable cause hearing within five days of his arrest in 2006. The parole officials subsequently placed a detainer in the middle of

---

[1] The United States Parole Commission assumed responsibility for making parole release determinations for all eligible Washington, D.C. code offenders, like Morel, in accordance with the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (codified at D.C. Code § 24-131(a)(1)).

his sentence to prevent him from participating in a release preparation program at a half-way house. Morel believes that his parole violation sentence would be up to two years. (Pet. 1.) Morel is not able to participate in the half-way programs because the detainer runs to the end of his assault sentence. If the parole officials held his parole hearing within five days of his arrest, then the detainer would have been entered earlier and he could participate in the half-way programs. (Id.)

Morel also alleges that the Bureau of Prisons ("BOP"), the Immigration and Naturalization Service ("INS"), and parole officials are conspiring to deport Morel although he is an American citizen.[2] In 2003, Morel was not put on supervised release following his conviction in Washington, D.C., but was detained in a North Carolina county jail for an illegal deportation. (Id. at 4.) Parole officials tried to deport Morel again in 2005, but the INS would not detain him. (Id.) However, the parole officials succeeded in denying Morel access to half-way programs by trying to transfer Morel to INS custody. (Id.)

The court conditionally filed the complaint, advised Morel that he failed to state a claim upon which relief may be granted, and granted him the opportunity to file an amended complaint. The conditional filing order directed him to describe how the requested relief would quicken his release from custody, describe how a delay between his arrest and his parole hearing was unreasonable, describe any resulting prejudice from the delay in his parole hearing, and detail the dates and outcomes of all his relevant parole hearings. Morel responded, describing his deportation claim and alleging that prison staff violated due process by convicting him of possessing a knife in his locker with insufficient evidence, unlawfully relying on an informant,

---

[2] Morel alleges that his parole officer has a copy of his American passport. (Pet. 4.)

2

and by not providing an impartial disciplinary hearing officer ("DHO") or a copy of the disciplinary hearing report. (Mot. Am. 4.)

## II.

### A.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. However, the amendment must "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003).

Morel's response to the conditional filing order further discusses how the parole officials tried to illegally deport him. However, as I discuss infra, amendments to his deportation claim are futile because I lack jurisdiction to consider that claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) (stating an amendment is futile if its addition is still insufficient to state a claim). Accordingly, I deny Morel's amendment as to the deportation claim.

Morel also discusses a new claim that the prison's DHO violated due process by convicting Morel with insufficient evidence of possessing a knife in his prison locker. (Petr.'s Resp. 4.) Morel claims that the DHO was biased; the DHO unlawfully relied on a confidential informant; and Morel received the DHO's report four months after the hearing. However, the relevant facts about this prison knife charge described in the amendment do not relate to the

3

aiding and abetting an assault with a knife charge described in the complaint. Therefore, Morel's response to the conditional filing order, construed as a motion to amend, proposes a futile amendment and a claim that does not arise from the conduct or occurrence set out in the original pleading. Accordingly, I deny Morel's motion to amend. I proceed to discuss the merits of Morel's complaint because the time to amend the complaint pursuant to the conditional filing order has expired.

B.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted).

Morel argues that parole agents violated due process by not conducting his probable cause hearing within five days of his arrest. (Pet. 4.) Morel alleges that the delay allowed parole officials to file a detainer in the middle of his sentence, precluding his ability to serve the last year of his sentence in a half-way house program. (Id.)

Morel does not describe the details of his parole revocation, and I am unable to determine

4

whether officials took Morel into custody in the District of Columbia, within the Washington, D.C. metropolitan area, or outside the Washington, D.C. metropolitan area. See 28 C.F.R. § 2.101(a) (requiring a parolee's probable cause revocation hearing to be conducted within five days of his arrest if he is arrested within the District of Columbia, but he is not automatically entitled to the hearing within five days of his arrest if arrested in another jurisdiction); but see 28 C.F.R. § 2.100 (stating parole violation warrant may be placed as detainer on an inmate serving a sentence). Despite the advice provided in the conditional filing order, Morel fails to state a claim because he fails to establish that he was even entitled to a hearing within five days of his arrest. Moreover, a probable cause hearing held beyond the five-day period described in § 2.101(a) is not a per se violation of due process. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972) (listing minimum due process requirements for a parolee revocation, of which an inflexible five-day period is not included); Morris v. City of Danville, 744 F.2d 1041, 1048 n.9 (4th Cir. 1984) (recognizing that the mere fact that an agency violates its own procedures does not, ipso facto, mean that it has contravened federal due process requirements).

Even if I were to order relief on Morel's complaint, I would be limited to ordering parole officials to conduct his probable cause hearing. However, I do not know if this relief is available to Morel because he failed to describe what parole hearings he already had. Furthermore, the relief he requests would not accelerate his release from custody because Morel would still be in custody if the BOP transferred him to the half-way house.[3] See Preiser v. Rodriguez, 411 U.S. 475, 486-91 (1973) (stating a habeas action is the means to a quicker release from custody while

---

[3] The conditional filing order requested Morel to explain how granting relief would accelerate his release from custody. Morel responded by stating he did not want to quicken his release from custody. (Letter (docket #8) 1.)

5

a 42 U.S.C. § 1983 suit challenges the conditions of confinement where quicker release is not a necessary outcome); Randall v. Whelan, 938 F.2d 522, 525-26 (4th Cir. 1991) (holding "custody" and "official detention" qualifies as being under the power of the United States Attorney General, regardless of the type of facility). Therefore, Morel fails to state a claim upon which habeas relief may be granted.

Morel also alleges that parole agents conspired with the BOP and the INS to try to illegally deport him although he is an American citizen. (Pet. 5.) However, Morel does not claim that he is currently subject to a deportation order; rather, he alleges that officials are trying to unlawfully deport him. Therefore, his claim is hypothetical without an immediate threat of removal, and I do not have jurisdiction to hear hypothetical claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (describing requisites for standing required by Article Three of the United States Constitution, including a non-hypothetical injury-in-fact and the likelihood that the injury can be redressed by a favorable decision).

Alternatively, the REAL ID Act of 2005[4] amended 8 U.S.C. § 1252 to provide that "[n]otwithstanding any other provision of law . . ., including [28 U.S.C. § 2241] . . ., a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. . . ." 8 U.S.C. § 1252(a)(5); see Fernandez v. Keisler, 502 F.3d 337, 346 (4th Cir. 2007) (stating that the REAL ID Act expressly eliminated district courts' habeas jurisdiction over removal orders); Jahed v. Acri, 468 F.3d 230, 233 (4th Cir. 2006) ("The REAL ID Act eliminated access to habeas corpus for purposes of challenging a removal order."). Therefore, I do not have jurisdiction to

---

[4] Pub. L. No. 109-13, 119 Stat. 231.

6

consider Morel's deportation claims. Accordingly, Morel fails to present any actionable claim, and I dismiss Morel's petition.

III.

For the foregoing reasons, I dismiss Morel's due process claim for failing to state a claim upon which relief can be granted and dismiss Morel's deportation claims for lack of jurisdiction. Accordingly, I dismiss his petition.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 30th day of April, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge